UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

NOEL CRUZ, on behalf of himself, individually,
and on behalf of all others similarly-situated,

                                    Plaintiff,

               -against-

NETWORK INFRASTRUCTURE INC. d/b/a
NETWORK INFRASTRUCTURE, and PATRICK
CLARKE, individually, and CRAIG LUSARDI,
individually,

                               Defendants.

-------------------------------------------------------------X

**COMPLAINT**

**Docket No.: 25-cv-832**

Jury Trial Demanded

       NOEL CRUZ ("Plaintiff"), on behalf of himself, individually, and on behalf of all others similarly-situated, (collectively as "FLSA Plaintiffs" and/or "Rule 23 Plaintiffs," as those terms are defined below),  by and through his attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for his Complaint against NETWORK INFRASTRUCTURE INC. d/b/a NETWORK INFRASTRUCTURE ("Network Infrastructure"), and PATRICK CLARKE, individually, and CRAIG LUSARDI, individually (collectively with Network Infrastructure, where appropriate, as "Defendants"), alleges upon knowledge as to himself and his own actions and upon information and belief as to all other matters as follows:

## NATURE OF CASE

       1.      This is a civil action for damages and other redress based upon violations that Defendants committed of Plaintiff's rights guaranteed to him by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the minimum wage provisions of the FLSA, 29 U.S.C. § 206(a); (iii) the overtime provisions of the New York Labor Law ("NYLL"),

NYLL § 160; N.Y. Comp. Codes R. & Regs. ("NYCRR") tit. 12, § 142-2.2; (iv) the minimum wage and "call-in" pay provisions of the NYLL, NYLL § 652, 12 NYCRR §§ 142-2.1, 142.-2.3; (v) the NYLL's requirement that employers pay all wages owed to their employees who perform manual work on at least as frequently as a weekly basis, NYLL § 191(1)(a); (vi) the NYLL's requirement that employers furnish employees with a wage statement containing specific categories of accurate information on each payday, NYLL § 195(3); (vii) the NYLL's requirement that employers furnish employees with a wage notice containing specific categories of accurate information upon hire, NYLL § 195(1); and (viii) any other claim(s) that can be inferred from the facts set forth herein.

2.    Plaintiff works for Defendants - - a utility asset management and contracting company based in Nassau County that services the New York City and Westchester areas, its Branch Manager, and one of its Superintendents, both of whom serve as its day-to-day overseers - - as a non-managerial laborer from in or around mid-July 2024 through the present.  As described below, throughout his employment, except from November 3 through January 5, 2025, and currently, Defendants have willfully failed to pay Plaintiff the overtime wages lawfully due to him under the FLSA and the NYLL.  Specifically, Defendants have required Plaintiff to work, and Plaintiff does in fact work, in excess of forty hours each week, or virtually each week.  Yet in exchange for his work, Defendants have failed to compensate Plaintiff, who is an hourly employee, at any rate of pay for any hours that Plaintiff works prior to his scheduled shifts that exceeded forty in a workweek, and thus not at the statutorily-required overtime rate of pay for those hours.  More specifically, in addition to his regularly-scheduled forty-hour per week shifts, Defendants require Plaintiff to report to their Bronx warehouse located at 1095 Close Avenue, Bronx, New York, 10472 ("the Yard"), before the beginning of each scheduled shift to prepare their tools and trucks

for the work to be performed at Defendants' worksites before travelling to his assigned worksite for the day. Defendants have not, and do not, pay Plaintiff at any rate of pay for this pre-shift work.

3.      Further, on the week of December 16 through December 22, 2024, Defendants failed to pay Plaintiff at least at the minimum wage rate that the FLSA, the NYLL, and the NYCRR require per hour of work and failed to compensate Plaintiff the wages lawfully due to him under the NYCRR for "call-in" pay. More specifically, during this time period Defendants continued to require Plaintiff to report to the Yard each morning before the beginning of his scheduled shift to perform an hour of work, but sent Plaintiff home afterward and failed to compensate Plaintiff at any rate of pay for his time spent working on those days, much less at the applicable minimum wage rate, nor for the required four hours of pay at the applicable minimum wage rate as the NYCRR requires.

4.      Moreover, Defendants have failed, and continue to fail, to pay Plaintiff, who is and is a manual worker, all of his earned wages on a timely basis in violation of Section 191(1)(a) of the NYLL, and to furnish Plaintiff with an accurate wage statement on each payday or with an accurate wage notice at his time of hire, as NYLL §§ 195(3) and (1) respectively require.

5.      Defendants have paid and treated all of their non-managerial laborers in the same manner.

6.      Accordingly, Plaintiff brings this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of Defendants' violations of the FLSA. Plaintiff brings his claims under the NYLL and the NYCRR on behalf of himself, individually, and on behalf of any FLSA

Plaintiff, as that term is defined below, who opts-in to this action.

7.     Plaintiff also brings this lawsuit as a class action pursuant to Federal Rule of Civil Procedure ("FRCP") 23, on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable statutory period who suffered damages as a result of Defendants' violations of the NYLL, the NYCRR, and the supporting New York State Department of Labor regulations.

## JURISDICTION AND VENUE

8.     The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*.  The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

9.     Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims for relief occurred within this judicial district.

## PARTIES

10.     At all relevant times herein, Plaintiff has worked for Defendants in New York and is an "employee" entitled to protection as defined by the FLSA, the NYLL, and the NYCRR.

11.     At all relevant times herein, Defendant Network Infrastructure was and is a New York corporation with its principal place of business located at 94 Taft Avenue, Hempstead, New York, 11550, and is registered with the New York State Department of State to receive service at that same address.

12.     At all relevant times herein, Defendant Clarke was and is Network Infrastructure's Branch Manager and day-to-day overseer, who in that role personally managed and oversaw, and continues to manage and oversee, the daily operation of Network Infrastructure, and who was and

is ultimately responsible for all matters with respect to the terms and conditions of employment for all of its employees, hiring and firing employees, determining the rate and method of wages paid to all employees, setting employees' work scheduled, and is responsible for maintaining employment records, including those matters with respect to Plaintiff.

13.     At all relevant times herein, Defendant Lusardi is one of Network Infrastructure's Superintendents, who in that role personally oversaw and oversees employees' work, and who had and has the power to recommend the hiring and firing of employees, set employees' work schedules, and direct employees' tasks on a daily basis, including with respect to Plaintiff. Indeed, Lusardi recommended Plaintiff's hiring, set and continues to set Plaintiff's work schedule, and directs Plaintiff to perform tasks at Defendants' work sites.

14.     At all relevant times herein, all Defendants were and are "employers" within the meaning of the FLSA and the NYLL. Additionally, Network Infrastructure's qualifying annual business, exceeded and exceeds $500,000.00. Furthermore, Defendants were and are engaged in interstate commerce within the meaning of the FLSA as they employ two or more employees, and they operate a business that purchases numerous tools and supplies that have moved across state lines, such as drills, jackhammers, hammers, and helmets, in order to carry out their business. The combination of all of these factors subjects Defendants to the FLSA's overtime requirements as an enterprise.

## COLLECTIVE ACTION ALLEGATIONS

15.     Plaintiff seeks to bring this suit to recover from Defendants unpaid overtime compensation, minimum wages, and liquidated damages, pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on his own behalf, as well as on behalf of those in the following collective:

> Current and former employees, who at any time during the applicable FLSA limitations period, performed any work for Defendants as non-managerial laborers, or in a similar position, and who consent to file a claim to recover damages for overtime compensation, minimum wages, and liquidated damages that are legally due to them ("FLSA Plaintiffs").

16.     Defendants treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours in a workweek; (5) were not paid the required one and one-half times their respective regular rates of pay for all hours worked per workweek in excess of forty; and (6) were not paid at least at the required minimum wage rate for all hours worked.

17.     At all relevant times, Defendants are and have been aware of the requirements to pay their non-managerial laborer employees, including Plaintiff and all FLSA Plaintiffs, at an amount equal to the rate of one and one-half times their respective regular rates of pay for all hours worked each workweek above forty, and at least at the minimum hourly wage rate for each hour worked, yet they purposefully and willfully chose and choose not to do so.  Indeed, Plaintiff lodged numerous complaints, specifically to Defendant Lusardi, that Defendants do not pay him for his hours that he works prior to his scheduled shifts each week in accordance with the law, but Defendants continue not to pay him for those hours.

18.     Thus, Plaintiff and all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay their employees overtime compensation for all hours worked per workweek above forty, and at least at the minimum wage rate for all hours of work, in violation of the FLSA.

## RULE 23 CLASS ALLEGATIONS

19.     In addition, Plaintiff seeks to maintain this action as a class action pursuant to FRCP 23(b)(3), on behalf of himself, individually, as well as on behalf of all those who are similarly-situated whom Defendants have subjected to violations of the NYLL and the NYCRR during the applicable statutory period.

20.     Under FRCP 23(b)(3), a plaintiff must plead that:

    a.  The class is so numerous that joinder is impracticable;

    b.  There are questions of law or fact common to the class that predominate over any individual questions of law or fact;

    c.  Claims or defenses of the representative are typical of the class;

    d.  The representative will fairly and adequately protect the class; and

    e.  A class action is superior to other methods of adjudication.

21.     Plaintiff seeks certification of the following FRCP 23 class:

> Current and former non-managerial laborer employees, who during the applicable NYLL limitations period, performed any work for any of the Defendants in New York ("Rule 23 Plaintiffs").

### Numerosity

22.     During the relevant statutory period, Defendants have employed, in total, at least forty employees that are putative members of this class.

### Common Questions of Law and/or Fact

23.     There are common questions of law and fact that govern the claims of each and every Rule 23 Plaintiff and that predominate over any questions solely affecting individual members of the FRCP 23 class, including but not limited to the following: (1) the duties that Defendants required and require each Rule 23 Plaintiff to perform; (2) whether Defendants

required and require each Rule 23 Plaintiff to work in excess of forty hours per week; (3) whether Defendants compensated and compensate the Rule 23 Plaintiffs at the legally-mandated rate of one and one-half times their respective regular rates of pay for all hours worked per week over forty; (4) whether Defendants compensated each Rule 23 Plaintiff with "call-in" pay of at least four hours at the applicable minimum wage rate on each day that he/she was required to report to work and then sent home; (5) whether Defendants compensated and compensate the Rule 23 Plaintiffs at the legally-mandated minimum wage for all hours worked or with all of their earned wages at their respective regular rates of pay in full and in a timely manner; (6) whether Defendants furnished and furnish the Rule 23 Plaintiffs with a wage statement on each payday that accurately contains the information NYLL § 195(3) requires; (7) whether Defendants maintained and continue to maintain records with respect to each hour that the Rule 23 Plaintiffs worked; (8) whether Defendants have furnished and/or furnish the Rule 23 Plaintiffs with a wage notice at hire that accurately contains the information that NYLL § 195(1) requires; (9) whether Defendants maintain any affirmative defenses with respect to the Rule 23 Plaintiffs' claims; (10) whether Defendants' actions with respect to the Rule 23 Plaintiffs were in violation of the NYLL and its supporting regulations; and (11) if so, what constitutes the proper measure of damages.

<u>Typicality of Claims and/or Defenses</u>

24.    As described in the "Background Facts" section below, Defendants have employed Plaintiff and Rule 23 Plaintiffs as non-managerial laborers.  Plaintiff's claims are typical of the claims of the Rule 23 Plaintiffs whom he seeks to represent, as Plaintiff and the Rule 23 Plaintiffs work and/or have worked for Defendants in New York in excess of forty hours per week, yet Defendants have routinely failed and fail to pay them at the statutorily-required rate of one and one-half times their respective regular rates of pay for all hours worked in a week in excess of

forty, and to compensate them for at least four hours of time at the applicable minimum wage rate for their "call-in" pay when sent home after being required by Defendants to report to work each day, and are/were not, at the minimum wage rate for all hours worked, and all of their earned wages at their respective regular rates of pay in full and in a timely manner, while also failing to provide them with an accurate wage statement on each payday or with an accurate wage notice upon hire. Plaintiff and the Rule 23 Plaintiffs enjoy the same statutory rights under the NYLL to be paid at the rate of one and one-half times their regular rates for all hours worked per week in excess of forty, to be compensated for "call-in" pay when required to report to work before being sent home, to be paid at least at the minimum wage rate for all hours worked, to be paid all of their earned wages at their respective regular rates of pay in full and in a timely manner, and to be furnished with an accurate wage statement on each payday and with an accurate wage notice at hire. Plaintiff and the Rule 23 Plaintiffs have all sustained similar types of damages as a result of Defendants' failure to comply with the NYLL and its supporting regulations. Plaintiff and the Rule 23 Plaintiffs have all suffered and/or continue to suffer injury, including lack of compensation or under-compensation, due to Defendants' common policies, practices, and patterns of conduct. Thus, Plaintiff's claims and/or Defendants' defenses to those claims are typical of the Rule 23 Plaintiffs' claims and Defendants' defenses to those claims.

<u>Adequacy</u>

25.     Plaintiff as described below, worked, and continues to work, the same or similar hours as the Rule 23 Plaintiffs throughout his employment with Defendants. Defendants did not, and do not, pay Plaintiff at the rate of one and one-half times his regular rate of pay for all of his hours worked over forty in a week, pay Plaintiff at least four hours at the applicable minimum wage rate when he is sent home after reporting to work for the day, pay Plaintiff at least at the

9

minimum wage for all hours worked, pay Plaintiff all of his earned wages at his regular rates of pay in a full and in a timely manner, and have not furnished Plaintiff with an accurate wage statement on each payday or with an accurate wage notice at his time of hire, which is substantially-similar to how Defendants have paid and treated and treat the Rule 23 Plaintiffs. Plaintiff fully anticipates testifying under oath and providing discovery responses as to all of the matters raised in this Complaint and that will be raised in Defendants' Answer that pertain to them. Thus, Plaintiff would properly and adequately represent the current and former employees whom Defendants have subjected to the treatment alleged herein.

26. Additionally, Plaintiff's counsel has substantial experience in this field of law.

<u>Superiority</u>

27. Plaintiff has no, or very few, material facts relating to the Rule 23 Plaintiffs' claims that are atypical of those of the putative class. Indeed, at all relevant times herein, Defendants treated and continue to treat Plaintiff identically, or at the very least, substantially similarly, to the Rule 23 Plaintiffs.

28. Any lawsuit brought by any non-managerial laborer employee of Defendants for the same violations alleged herein would be identical to a suit brought by any other similar employee for the same violations. Thus, separate litigation would risk inconsistent results.

29. Accordingly, the means of protecting Rule 23 Plaintiffs' rights is superior to any other method, and this action is properly maintainable as a class action under FRCP 23(b)(3).

## BACKGROUND FACTS

30. Defendants are a utility asset management and contracting company based in Nassau County, with its headquarters located at 94 Taft Avenue, Hempstead, New York, 11550, that services the New York City and Westchester areas, together with its Branch Manager and one

of its Superintendents.  Together, Defendants operate to perform underground installation of infrastructure relating to gas, electricity, and telecommunications, and additionally perform upgrades, expansions, and ongoing maintenance and repair on those same infrastructures, mainly on contracts that Network Infrastructure possesses with Consolidated Edison, Inc. (commonly known as "Con Ed").

31.     At all times herein, Defendant Clarke was and is Network Infrastructure's Branch Manager and day-to-day overseer, who in that role personally managed and oversaw, and continues to manage and oversee, the daily operation of Network Infrastructure, and who was and is ultimately responsible for all matters with respect to the terms and conditions of employment for all of its employees, hiring and firing employees, determining the rate and method of wages paid to all employees, setting employees' work scheduled, and is responsible for maintaining employment records, including those matters with respect to Plaintiff.  Indeed, Clarke had and has the ultimate authority over the decision to hire Plaintiff, set Plaintiff's rate of pay, determine his weekly schedule, and should be maintaining his employment records.

32.     Defendant Lusardi was and is one of Network Infrastructure's Superintendents, who in that role personally oversaw and oversees employees' work, and who had and has the power to recommend the hiring and firing of employees, set employees' work schedules, and direct employees' tasks on a daily basis, including with respect to Plaintiff.  Indeed, Lusardi recommended Plaintiff's hiring, set and continues to set Plaintiff's work schedule, and directs Plaintiff to perform tasks at Defendants' work sites.

33.     From in or around mid-July 2024 through the present, Plaintiff has worked and continues to work for Defendants as a non-managerial laborer, wherein he reports on a daily basis to the Yard located at 1095 Close Avenue, Bronx, New York, 10472,  before being sent out to one

of Defendants' worksites, generally in Queens County. In that role, Plaintiff generally performs construction tasks related to underground gas installations by digging trenches, jackhammering asphalt, and any other tasks needed to complete installation. Well more than twenty-five percent of Plaintiff's job, and indeed virtually all of his working time, was and is spent performing manually laborious tasks such as those.

34.     From the beginning of Plaintiff's employment through the present, Defendants have paid Plaintiff at an hourly rate of $44.85 per hour and, at times, an overtime rate of $67.28 per hour.

35.     From the beginning of Plaintiff's employment through November 3, 2024, and from January 6, 2025 through the present, Defendants have generally scheduled Plaintiff to work five days per week, Monday through Friday, from 7:00 a.m. until 3:30 p.m., with a thirty minute break each shift, for a total of forty scheduled hours per week.

36.     Occasionally, Defendants have scheduled Plaintiff to perform work at his assigned worksite past his scheduled hours, and on those occasions, Defendants have paid Plaintiff at his overtime rate for his overtime hours.

37.     However, in addition to his regularly-scheduled hours, Defendants, pursuant to a company-wide policy and practice that applies to all of their non-managerial laborer employees, require Plaintiff to report to the Yard one hour before his scheduled shift each morning, at 6:00 a.m., five days per week. Upon arrival at the Yard, Defendants require Plaintiff to perform tasks such as cleaning Defendants' trucks and tools, and loading Defendants' trucks with equipment, materials, and supplies as well as obtaining his assigned worksite for the day. This preparation work routinely requires approximately thirty minutes, in addition to the time spent waiting for his assigned worksite for the day. On Tuesdays, in addition to the preparation work, Defendants have

12

held and continue to hold a meeting at the Yard from approximately 6:00 a.m. until 6:45 a.m., concerning topics such as safety, new worksites, administrative tasks, or watching training videos. Once Plaintiff completes his preparation work, obtains his assigned worksite, and, on Tuesdays, attends the morning meeting, he then travels to his assigned worksite, generally in Queens County. Defendants did not, and do not, compensate Plaintiff at any rate of pay, much less his overtime rate, for his one hour of pre-shift work and/or travel time from the Yard to his assigned worksite, from 6:00 a.m. until 7:00 a.m.

38.     As a result, from the beginning of Plaintiff's employment through November 3, 2024, and from January 6, 2025 through the present, Defendants required Plaintiff to work, and Plaintiff did work, for five hours each week for which Defendants failed to pay Plaintiff, at any rate, let alone at his overtime rate of $67.28 per hour.

39.     Additionally, from December 16 through December 22, 2024, pursuant to Defendants' same policy and practice, Defendants required and continue to require Plaintiff to report to the Yard each morning at 6:00 a.m., Monday through Friday, prior to his scheduled shift, yet, all five days of that week, Defendants sent Plaintiff home after he completed his preparation work and, on Tuesday, his morning meeting.  Defendants did not compensate Plaintiff at any rate of pay for his hour of work from approximately 6:00 a.m. to 7:00 a.m. each morning, much less at the applicable minimum wage rate, nor did Defendants compensate Plaintiff for four hours at the applicable minimum wage rate each day for his "call-in" pay that he was lawfully entitled to each day that he was sent home that week after being required to report to the Yard.

40.     Thus, from December 16 through December 22, 20224, when Defendants required to Plaintiff to report to the Yard, Monday through Friday, and sent him home without a work assignment each day after he performed his pre-shift work from approximately 6:00 a.m. to 7:00

a.m. each day, and Defendants did not, and to this day have not, paid Plaintiff any wages at all for his work that week, Defendants failed to pay Plaintiff at least at the applicable minimum wage rate that New York law required, or at his respective regular rate of pay, for each hour of work.

41.     By way of example only, during the week of August 5 through August 11, 2024, despite Defendants' scheduling Plaintiff to work from 7:00 a.m. to 3:30 p.m. each day, Defendants actually required Plaintiff to work, and Plaintiff actually did work, the following schedule, with a thirty minute scheduled break during each of his shifts, due to Defendants' policy requiring Plaintiff to arrive at the Yard at 6:00 a.m. and complete pre-shift work:

> Monday, August 5, 2024: 6:00 a.m. until 3:30 p.m.;
>
> Tuesday, August 6, 2024: 6:00 a.m. until 3:30 p.m.;
>
> Wednesday, August 7, 2024: 6:00 a.m. until 3:30 p.m.;
>
> Thursday, August 8, 2024: 6:00 a.m. until 3:30 p.m.;
>
> Friday, August 9, 2024: 6:00 a.m. until 3:30 p.m.;
>
> Saturday, August 10, 2024: off; and
>
> Sunday, August 11, 2024: off.

Accordingly, Plaintiff worked a total of forty-five hours during this week.  In exchange for his work that week, Defendants only paid Plaintiff at his $44.85 per hour regular rate of pay for his first forty hours of work.  Thus, Defendants failed to pay Plaintiff for the five hours that Plaintiff worked in excess of forty during that week at any rate of pay, much less at his applicable overtime rate of $67.28 per hour.

42.     By way of an additional example only, during the week of December 16 through December 22, 2024, due to Defendants policy of requiring Plaintiff to report to the Yard for work

each morning, only to send him home without any pay or "call-in" pay, Defendants required Plaintiff to work, and Plaintiff did work, the following schedule:

        Monday, December 16, 2024: 6:00 a.m. until 7:00 a.m.;

        Tuesday, December 17, 2024: 6:00 a.m. until 7:00 a.m.;

        Wednesday, December 18, 2024: 6:00 a.m. until 7:00 a.m.;

        Thursday, December 19, 2024: 6:00 a.m. until 7:00 a.m.;

        Friday, December 20, 2024: 6:00 a.m. until 7:00 a.m.;

        Saturday, December 21, 2024: off; and

        Sunday, December 22, 2024: off.

Accordingly, because Defendants required Plaintiff to report to the Yard and perform pre-shift work prior to sending him home for the day, each day this week, Plaintiff worked a total of five hours during this week.  In exchange for his work that week, Defendants failed to pay Plaintiff any wages at all.  Thus, Defendants failed to compensate Plaintiff with "call-in" pay for at least four hours at the applicable minimum hourly wage, or for the number of hours in his regularly scheduled shift, whichever is less, for each of the five days that Defendants sent him after requiring him to report to work this week, in violation of the NYCRR.  Additionally, Defendants failed to compensate Plaintiff at least at the applicable minimum wage rate, or at his respective regular rate of pay, for the five hours of work he performed this week in violation of the FLSA and the NYLL.

      43.    Defendants pay Plaintiff on a weekly basis, by check, but never in full due to not paying him for his pre-shift work.

      44.    On each occasion when Defendants paid Plaintiff, Defendants have failed to furnish Plaintiff with a wage statement that accurately listed, *inter alia*, his hours worked, his overtime rate of pay, and his overtime wages owed.  Defendants' failure to provide Plaintiff with a proper

wage statement has deprived and continues to deprive Plaintiff of the ability to know exactly how much compensation he was entitled to receive and contributed to the underpayment of wages as asserted herein.

45. Additionally, Defendants did not provide Plaintiff with a wage notice at any of his time of hire that accurately contained, *inter alia*: Plaintiff's regular and overtime rates of pay; the name of Defendants; any "doing business as" names used by Defendants; the physical address of Defendants' main office or principal place of business, and a mailing address if different; and Defendants' telephone number.  Defendants' failure to provide Plaintiff with a proper wage notice deprived Plaintiff of the ability to know exactly how much compensation he was entitled to receive, and contributed to the underpayment of wages as asserted herein

46. Defendants have treated Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs in the same manner described herein.

47. Defendants have acted in this manner to maximize their profits and minimize their labor costs and overhead.

48. Each hour that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs worked was and is for Defendants' benefit.

## FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Unpaid Overtime Under the FLSA*

49. Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

50. 29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

51.     As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs were and/or are employees within the meaning of the FLSA.

52.     As also described above, Plaintiff and FLSA Plaintiffs worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the FLSA's overtime provisions.

53.     Defendants willfully violated the FLSA.

54.     Plaintiff and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

55.     Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' violations of the FLSA's overtime provisions.

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Unpaid Minimum Wages Under the FLSA*

56.     Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

57.     29 U.S.C. § 206(a) prescribes a minimum wage that employers must pay to their employees for each hour worked.

58.     As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs were and/or are employees within the meaning of the FLSA.

59.     As also described above, Defendants failed to compensate Plaintiff and FLSA Plaintiffs at least at the minimum hourly rate that the FLSA requires for all hours worked.

60.     Defendants willfully violated the FLSA.

61.     At the least, Plaintiff and FLSA Plaintiffs are entitled to the minimum rate of pay that the FLSA requires for all hours worked each week.

62.     Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' violations of the FLSA's minimum wage provisions.

## THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Unpaid Overtime Under the NYLL and the NYCRR*

63.     Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

64.     NYLL § 160 and 12 NYCRR § 142-2.2 require employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

65.     As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are employees within the meaning of the NYLL and the NYCRR.

66.     As also described above, Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the NYLL's and the NYCRR's overtime provisions.

67.     Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are entitled to their overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

68.     Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCRR's overtime provisions.

## FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Unpaid "Call-in" Pay Under the NYCRR*

69.     Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

70.     12 NYCRR § 142-2.3 requires employers to compensate their employees who, by request or permission of the employer, report to work on any day, for at least four hours at the basic minimum hourly wage, or for the number of hours in a regularly scheduled shift, whichever is less.

71.     A described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are employees within the meaning of the NYLL and the NYCRR.

72.     As also described above, Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, were required to report to work by Defendants, yet Defendants failed to compensate them in accordance with the NYCRR's "call-in" pay provisions on each day that they were not allowed to work their scheduled shift.

73.     Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are entitled to their "call-in" pay of at least four hours at the applicable minimum hourly wage, or for the number of hours in their regularly scheduled shift, whichever is less, for each day that Defendants sent them home from without allowing them to work their scheduled shift after requiring them to report to work.

74.     Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the the NYCRR's "call-in" pay provisions.

## FIFTH CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Unpaid Minimum Wages under the NYLL and NYCRR*

75.     Plaintiff, Class Action Plaintiffs, and any FLSA Plaintiff who opts-in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

76.     NYLL § 652(1) and 12 NYCRR § 142-2.1 prescribe a minimum wage that employers must pay to their employees for each hour worked.

77.     As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiff, Class Action Plaintiffs, and any FLSA Plaintiff who opts-in to this action, were and/or are employees within the meaning of the NYLL and the NYCRR.

78.     As also described above, Defendants failed to compensate Plaintiff, Class Action Plaintiffs, and any FLSA Plaintiff who opts-in to this action, at least at the minimum hourly rate that the NYLL and the NYCRR require for all hours worked.

79.     At the least, Plaintiff, Class Action Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are entitled to the minimum rate of pay that the NYLL and the NYCRR require for all hours worked.

80.     Plaintiff, Class Action Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCRR's minimum wage provisions.

## SIXTH CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Failure to Pay All Regular Earned Wages on a Timely Basis in Violation of the NYLL*

81.     Plaintiff, Class Action Plaintiffs, and any FLSA Plaintiff who opts-in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

82.     NYLL § 191(1)(a) requires that employers pay their manual worker employees all of their earned wages at least their regular rates of pay on at least as frequently as a weekly basis.

83.     As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff, Class Action Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are manual worker employees within the meaning of the NYLL.

84.     As also described above, Defendants failed to pay Plaintiff, Class Action Plaintiffs, and any FLSA Plaintiff who opts-in to this action, all of their wages earned at least at their respective regular rate of pay on at least as frequently as a weekly basis.

85.     Plaintiff, Class Action Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are entitled to any unpaid wages, liquidated damages associated with any missed or late payment, interest, and attorneys' fees for Defendants' violations of the NYLL's requirement to pay all earned wages to manual worker employees on at least as frequently as a weekly basis.

## SEVENTH CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Failure to Furnish Accurate Wage Statements in Violation of the NYLL*

86.     Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

87.     NYLL § 195(3) requires that employers furnish employees with a wage statement that contains accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

88.     As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are employees within the meaning of the NYLL.

89.    As also described above, Defendants, on each payday, failed to furnish Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, with a wage statement that accurately contained all of the criteria that the NYLL requires.

90.    Pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, in the amount of $250.00 for each workday that each violation occurred, up to a statutory cap of $5,000.00 per person.

## EIGHTH CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Failure to Furnish Accurate Wage Notice in Violation of the NYLL*

91.    Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

92.    NYLL § 195(1) requires that employers furnish employees with a wage notice that contains accurate, specifically enumerated criteria at the time of hire.

93.    As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are employees within the meaning of the NYLL.

94.    As also described above, Defendants failed to furnish Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, with any wage notice at the time of hire, let alone a notice that accurately contained all of the criteria that the NYLL requires.

95.    Pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, in the amount of $50.00 for each workday after each violation initially occurred, up to a statutory cap of $5,000.00 per person.

## DEMAND FOR A JURY TRIAL

96.     Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand a trial by jury on all claims in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand judgment against Defendants as follows:

a.   A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

b.   Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c.   An order restraining Defendants from any retaliation against Plaintiff, FLSA Plaintiffs, and/or Rule 23 Plaintiffs for participation in any form of this litigation;

d.   Designation of this action as an FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and authorizing the prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

e.   Certification of the claims brought in this case under the NYLL and the NYCRR as a class action pursuant to FRCP 23;

f.   Awarding all damages that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs have sustained as a result of Defendants' conduct, including all unpaid wages and any short fall between

wages paid and those due under the law that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs would have received but for Defendants' unlawful payment practices;

g.   Liquidated damages and any other statutory penalties as recoverable under the FLSA and the NYLL;

h.   Awarding Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs their reasonable attorneys' fees, as well as their costs and disbursements incurred in connection with this action, including expert witness fees and other costs, and an award of a service payment to Plaintiff;

i.   Designation of Plaintiffs and their counsel as collective and class action representatives under the FLSA and the FRCP;

j.   Awarding pre-judgment and post-judgment interest, as provided by law; and

k.   Granting Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs such other and further relief as this Court finds necessary and proper.

Dated: Garden City, New York
        January 28, 2025

Respectfully submitted,

BORRELLI & ASSOCIATES, P.L.L.C.
*Attorneys for Plaintiff*
910 Franklin Avenue, Suite 205
Garden City, New York 11530
Tel. (516) 248-5550
Fax. (516) 248-6027

By:   _____
ANDREW C. WEISS, ESQ. (5560537)
MICHAEL J. BORRELLI, ESQ. (MB 8533)