UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
NOEL CRUX and JAMIE DIAZ,

Case No.: 1:25-cv-00832

Plaintiffs,

-against-

NETWORK INFRASTRUCTURE, INC, d/b/a NETWORK INFRASTRUCTURE, and PATRICK CLARKE, individually, and CRAIG LUSARDI, Individually,

Defendants.
----------------------------------------------------------------------X

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT**

**KAUFMAN DOLOWICH LLP**
*Attorneys for Defendants*

135 Crossways Park Drive, Suite 201
Woodbury, NY 11797
T. (516) 681-1100 F. (516) 681-1101

Andrew Richards, Esq.
Edward Grimmett, Esq.
arichards@kaufmandolowich.com
egrimmett@kaufmandolowich.com

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES .... iii

PRELIMINARY STATEMENT .... 1

ARGUMENT .... 2

POINT I: PLAINTIFFS' CLAIMS ARE PREEMPTED BY THE LMRA .... 2

A. Cruz's Claims Are Preempted by the Local 731 CBA .... 3

B. Diaz's Claims Are Preempted by the Local 1298 CBA .... 7

POINT II: PLAINTIFFS' CLAIMS ARE PREEMPTED UNDER THE *GARMON* DOCTRINE .... 8

POINT III: CRUZ'S RETALIATION CLAIM MUST BE COMPELLED TO ARBITRATION .... 9

CONCLUSION .... 10

**TABLE OF AUTHORITIES**

**Page**

*1199SEIU United Healthcare Workers East v. PSC Community Services*,
608 F. Supp.3d 50 (S.D.N.Y. 2022) ....................4

*Allis-Chalmers Corp. v. Lueck*,
471 U.S. 202 (1985) ....................2

*Arroyo v. NYU Langone Hosp.*,
2019 WL 5682628, at *5, n.4 (S.D.N.Y. 2019) ....................4

*Collazos v. Garda CL Atlantic, Inc.*,
666 F.Supp.3d 249 (E.D.N.Y. 2023) ....................9

*Chu v. Chinese-Am Plan. Council Home Attendant Program, Inc.*,
194 F. Supp.3d 221 (S.D.N.Y. 2016) ....................4

*Diaz v. New York Paving Inc.*,
2025 WL 1220924 (S.D.N.Y. 2025) .................... 3, 4, 6, *passim*

*Fernandez v. Pinnacle Grp. NY LLC*,
2023 WL 2525996, at *4 (S.D.N.Y. 2023) ....................4

*Gyecsek v. J.P. Hogan Coring & Sawing Corp.*,
2019 WL 1059998, at *4 (S.D.N.Y. 2019) ....................4

*Johnson v. D.M. Rothman Co.*,
861 F. Supp.2d 326 (S.D.N.Y. 2012) ....................6

*Kaye v. Orange Reg'l Med. Ctr.*,
975 F. Supp.2d 412 (S.D.N.Y. 2013) ....................4, 6

*San Diego Building Trades Council v. Garmon*,
339 U.S. 236 (1959) ....................9

*Severin v. Project OHR, Inc.*,
2011 WL 3902994, at *4 (S.D.N.Y. 2011) ....................4

*Vera v. Saks & Company*,
335 F.3d 109 (2d Cir. 2003) ....................7

**Rules and Statutes**

29 U.S.C. § 254 .......... 7

29 C.F.R. §§ 790.6, 790.8 .......... 7

Fed. R. Civ. P. Rule 12(b)(1) .......... 1, 10

## PRELIMINARY STATEMENT

Defendants, Network Infrastructure, Inc. ("Network"), Patrick Clarke, and Craig Lusardi (collectively, the "Defendants"), hereby respectfully submit this Reply Memorandum of Law in further Support of their Motion to Dismiss the Complaint filed by Plaintiffs, Noel Cruz ("Cruz") and Jamie Diaz ("Diaz") (collectively, the "Plaintiffs"), in its entirety pursuant to Fed. R. Civ. P. 12(b)(1) (the "Motion").

Plaintiffs' Memorandum of Law in Opposition to the Motion (the "Opposition") does nothing to change the fact that the Court must interpret numerous collective bargaining agreement ("CBA") provisions to make a ruling in this matter. The CBA provisions that the Court must interpret include: (i) an express provision that transportation to the jobsite is **not** compensable; (ii) Network's authority to vary the commencement of Plaintiffs' shifts; (c) express exceptions to the overtime requirements; (d) what constitutes compensable work hours; and (e) any implied terms that have been established through the parties' longstanding practices. The CBAs (and the practices emanating therefrom) establish that Plaintiffs are **not** entitled to compensation for alleged "pre-shift" work, traveling from Network's yard to the jobsite, or for "call-in" pay.

To that end, Plaintiffs are seemingly aware of the fact that these provisions require the Court's interpretation, because their Opposition completely avoids a substantive discussion related to several key CBA provisions. In addition, Plaintiffs take the position that other CBA provisions potentially violate the Fair Labor Standards Act ("FLSA") and/or New York Labor Law ("NYLL"). This Court has ruled that such an argument further supports the fact that the Court will be required to substantially interpret the CBAs. Furthermore, Cruz's ancillary retaliation claim must be compelled to arbitration, because as per his CBA's arbitration provision, the claim constitutes a dispute arising out of the parties' employment relationship.

As such, Plaintiffs' claims must either be dismissed as preempted under the Labor Management Relations Act ("LMRA") and/or National Labor Relations Act ("NLRA") and/or compelled to arbitration.

## ARGUMENT

## POINT I

## PLAINTIFFS' CLAIMS ARE PREEMPTED BY THE LMRA

Plaintiffs' Opposition confirms that their claims are "inextricably intertwined" with their respective CBAs. Without raising any legal and/or factual support, Plaintiffs raise the conclusory argument that they are asserting independent statutory rights under the New York Labor Law ("NYLL") and Fair Labor Standards Act ("FLSA"). Specifically, Plaintiffs attempt to avoid a substantive analysis of key CBA provisions (and longstanding practices) by merely arguing that they did not invoke the CBA provisions in the Amended Complaint.

Plaintiffs' argument does not make any sense. Plaintiffs are taking the position that a claim can only be preempted under the LMRA if the Amended Complaint references the CBA, which in turn, prohibits Defendants from raising preemption as a defense in the absence of such allegations. If the Court were to adopt Plaintiffs' arguments, then LMRA preemption would never be at issue because employee-side attorneys would simply avoid allegations related to potential CBA violations. Instead, the relevant inquiry is whether the "resolution of a state-law claim is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract." *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220 (1985). As further discussed herein, preemption is warranted because the Court cannot rule on Plaintiffs' claims without interpreting their respective CBAs.

A. **Cruz's Claims Are Preempted by the Local 731 CBA.**

The Court must disregard Plaintiffs' attempt to narrow this Court's holding in *Diaz v. New York Paving Inc.*, 2025 WL 1220924 (S.D.N.Y. 2025). For instance, Plaintiffs are claiming that the exact language from Local 1010 memorandum of agreement (the "MOA") must exist for their claims to be preempted.[1] Courts are not required to conduct this type of apple-to-apple comparison. Instead, as this Court recognized, LMRA preemption comes down to a general analysis of "whether evaluation of the claim is inextricably intertwined with consideration of the terms of the CBAs." *See Diaz v. New York Paving*, 2025 WL 1220924, at *2.

Contrary to Cruz's contention, it is apparent based on the four corners of the Local 731 CBA that Court must interpret its provisions to fully assess the claims. Cruz appears fixated on the fact that the Local 731 CBA states that "[e]ight (8) continuous hours shall constitute a day's work excluding lunch. Any failure to work these hours gives the Employer the right to pay only for hours actually worked." *See* Opposition at pp. 8-10. This argument completely misses the mark. The issue is **<u>not</u>** as simple as whether Cruz worked hours in addition to the Local 731 CBA's definition of "a day's work." The actual "crux" of the issue is whether the work alleged in the Amended Complaint constituted compensable work under the Local 731 CBA. The Court must interpret several Local 731 CBA provision to determine whether the alleged pre-shift work and transportation constituted compensable work.

In a failed attempt to obscure the issue, Cruz cites to a long line of case law involving this narrow issue. Specifically, Cruz relies on distinguishable cases involving an employee's right to forego a claim for daily overtime under their CBA (i.e. working more than 8 hours a day), and

---

[1] As further discussed herein, the language in the MOA is very similar to Article 4, Section 5 of the Local 1298 CBA in that they both indicate that commuting to and from the jobsite is not compensable. Despite this, Diaz also takes the position that his claims are not preempted because there are slight differences to the contractual language. Plaintiffs' narrow interpretation of *Diaz v. New York Paving*, 2025 WL 1220924, is unavailing.

instead, seek independent rights for overtime under the FLSA or NYLL (i.e. working more than 40 hours a week). *See Arroyo v. NYU Langone Hosp.*, 2019 WL 5682628, at *5, n.4 (S.D.N.Y. 2019) ("Plaintiff's claim is for weekly overtime pay and does not require analysis of potential daily overtime pay); *see also Fernandez v. Pinnacle Grp. NY LLC*, 2023 WL 2525996, at *4 (S.D.N.Y. 2023) ("Plaintiffs have made the conscious decision to forgo their claims for overtime pay for hours worked more than eight hours in a day."); *see also Gyecsek v. J.P. Hogan Coring & Sawing Corp.*, 2019 WL 1059998, at *4 (S.D.N.Y. 2019); *see also Severin v. Project OHR, Inc.*, 2011 WL 3902994, at *4 (S.D.N.Y. 2011); *see also Kaye v. Orange Reg'l Med. Ctr.*, 975 F. Supp.2d 412, 423-24 (S.D.N.Y. 2013).

Cruz's meritless arguments is even more apparent when considering the fact that he improperly relies on dicta that was advanced by the Court in *Chu v. Chinese-Am Plan. Council Home Attendant Program, Inc.*, 194 F. Supp.3d 221, 228-29 (S.D.N.Y. 2016). To that end, the Court has recognized that plaintiffs cannot rely on *Chu* to avoid preemption. *See 1199SEIU United Healthcare Workers East v. PSC Community Services*, 608 F. Supp.3d 50, 65 (S.D.N.Y. 2022) ("Judge Forrest's observations about the 2015 MOA were dicta and did not constitute an aspect of the relief afforded to the CPC Movants." ).

Simply put, these cases involve circumstances where an employee waives specific rights that may be available to them under a CBA. As such, Courts do not need to interpret a CBA when an employee waives their rights under same. However, these cases do **not** involve the central issue of whether Cruz's alleged pre-shift work and transportation to the job site constituted a compensable work under the Local 731 CBA and the parties' longstanding practices. As was the case in *Diaz v. New York Paving,* 2025 WL 1220924, at *2, the Court must interpret various Local 731 CBA provisions to make this determination.

As set forth in the Motion, the Court must interpret Sections 1 through 3 of Article VII of the Local 731 CBA. Tellingly, the Opposition fails to offer any substantive analysis of Article VII, Section 2. Notably, Section 2(e) of Article VII, permits Network to:

> vary the shift commencement of any single, or two or three shifts by two (2) hours before or after normal shift commencement, in one-half (1/2) hour increments for any Employee and/or group of Employees on any shift day, and all work performed during said varied shift shall be paid for at the straight time rate, in conformity with the terms contained in the Agreement.

*See* Declaration of Edward Grimmett, Esq. ("Grimmett Decl."), Exhibit C (ECF Docket No. 31).

Thus, Network is authorized under the Local 731 CBA to vary the commencement of Cruz's shift by two hours. *Id.* Article VII, Section 3, further provides that Cruz is **<u>not</u>** entitled to overtime when Network exercises this authority. *Id.* Accordingly, Cruz cannot overcome the fact that the Court must interpret these provisions to determine whether Cruz's alleged "pre-shift" work was the result of a varied shift under Article VII, Section 2(e).

Cruz also does not fully analyze the Local 731 CBA provisions that are relevant to overtime payments. Along with the exception for varying shifts, Article VII, Section 3, provides that overtime payments are conditional on a laborer "return[ing] within/prior to 6:59 A.M." *Id.* In addition, Article VII, Section 1, states that overtime should be paid when a laborer "prepare[s] for hazardous materials work prior to the start of their shift." *Id.* Cruz merely argues that he does not allege that he prepped for "hazardous materials work," which as previously mentioned, bears no relevance to the preemption inquiry. The correct interpretation of this provision is that Cruz is **<u>not</u>** entitled to overtime for any "pre-shift work," **<u>unless</u>** he was performing tasks to "prepare for hazardous material work."

Preemption is warranted because the Court will undoubtedly need to interpret these provisions to assess whether Cruz was entitled to overtime. In fact, Cruz improperly relies on

*Johnson v. D.M. Rothman Co.*, 861 F. Supp.2d 326, 333 (S.D.N.Y. 2012), because it supports a finding of preemption when the Court is required to interpret whether specific tasks were subject to additional payments under the CBA. The Court held that

> "[t]o determine whether the [p]laintiffs were entitled to grandfather and hi-lo pay, the Court would have to evaluate Plaintiffs' work histories in light of the intended meaning and purpose of the CBA's terms, a task which the Court is ill-equipped to perform, and which the LMRA mandates should be left to the CBA's designated grievance procedures."

*See id*.

Here, the Court must similarly analyze what constitutes tasks to "prepare for hazardous material work" and whether Cruz was subject to a varying shift.

Moreover, the arguments raised by Cruz in support of his "call-in pay" and minimum wage claims confirm that preemption is warranted. Namely, Article VII, Section 1, of the Local 731 CBA states that "any failure to work these hours give the Employer the right to pay only for hours actually worked." *See* Grimmett Decl., Ex. C. Cruz contends that this provision runs afoul of "the NYLL and its implementing regulations"[2] and that "the same reasoning applies to Cruz's minimum wage claim under the FLSA and the NYLL." *See* Opposition at pg. 11. As this Court held in *Diaz*, 2025 WL 1220924, at *3, an argument that a contractual provision "violates [the] FLSA or NYLL further underscores that the claims are preempted." In fact, Cruz relies on *Kaye*, 975 F.Supp.2d at 423, where the Court similarly recognized that a claim is preempted in "cases in which a plaintiff claims that a provision of the CBA itself violates state law."

Based on the foregoing, Cruz's claims are preempted under the LMRA.

---

[2] Cruz argues that this provision violates the NYLL because "[a]ccepting Defendants' position would effectively permit a CBA to nullify state law protections simply by including clause limiting compensation to 'hours actually worked.'" *See* Opposition at pg. 11.

B. **Diaz's Claims Are Preempted by the Local 1298 CBA.**

Diaz simply cannot overcome the express provision in the Local 1298 CBA, which states that the "[t]ime traveling to and from jobs, including free transportation by the contractor shall **not** be considered part of the workday unless it occurs during regular workday hours." *See* Grimmett Decl., Exs. D and E (emphasis added). Diaz advances a nonsensical argument that this provision does not in any way address whether "driving from the Yard to the day's worksite" after performing alleged "pre-shift work" (i.e. cleaning, loading equipment, preparing tools, attending safety meetings, etc.) is compensable. *See* Opposition at pg. 13. The Local 1298 CBA provision expressly addresses this precise situation. Diaz would **not** be entitled to compensation for the "[t]ime traveling to and from jobs," unless it occurred during regular workday hours. *See* Grimmett Decl., Exs. D and E.

Like Cruz, Diaz further contends that this CBA provision violates the FLSA and its implementing regulations. *See* Opposition at pg. 13 (citing 29 U.S.C. § 254 and 29 C.F.R. §§ 790.6, 790.8).[3] Despite claiming that Local 1298's definition of "travel" is at odds with the FLSA and NYLL, Diaz then raises a contradictory argument that he "need not challenge the lawfulness of Article 4, Section 5 [of the Local 1298 CBA]." *See id* at pg. 14. Diaz further contends, without any factual or legal support[4], that he is pursuing independent statutory rights under the FLSA and NYLL. Plaintiffs cannot have it both ways. Throughout the Opposition, Plaintiffs identify potential

---

3 Diaz argues that the Court should not analyze "how the CBA characterizes 'travel'", because whether travel time is compensable is governed by "statutory and regulatory standards." Thus, Diaz is claiming that the Local 1298 CBA's provision governing travel time violates statutory and regulatory standards.

4 Diaz's attempt to distinguish *Vera v. Saks & Company*, 335 F.3d 109 (2d Cir. 2003) is unavailing. For instance, Diaz contends that Defendants reliance on *Vera* is inapposite because Plaintiffs are not suing to invalidate a CBA provision. *See* Opposition at pg. 14, n. 4. *Vera* does **not** involve a claim to invalidate a CBA provision. Like Plaintiffs' claims in the instant matter, the plaintiff in *Vera* sought damages under the NYLL and argued that a CBA provision was illegal. The Court found that plaintiff's claims were preempted because it was required to "interpret the CBA to determine whether it embodies an agreement between the parties to alter the common law rule regarding when commissions are earned." Plaintiffs similarly argue that the Local 1298 provision violates the laws pertaining to tasks that are compensable.

conflicts between the CBAs and the legal requirements under the FLSA/NYLL, only to turn around and say that they are pursuing independent statutory rights. These arguments reinforce the fact that Plaintiffs' claims are preempted.

Lastly, Diaz attempts to circumvent this Court's holding in *Diaz v. New York Paving Inc.*, 2025 WL 1220924 at *2, by arguing that the MOA's contractual provision differed from the Local 1298 CBA. While collective bargaining organizations will understandably have different contractual language in their respective agreements, the Court's intent in *Diaz v. New York Paving* cannot be altered. The "critical issue" in *Diaz v. New York Paving* was "whether the employee is entitled to be paid – at all – for pre and post shift presence/work, or whether, as Defendants claim this was part of a voluntary transportation service." *Id* at *3. Here, the Local 1298 CBA similarly states that Diaz is **not** entitled to compensation for receiving "free transportation" outside of regular workday hours. *See* Grimmett Decl., Exs. D and E. The correct interpretation of this provision is that any tasks that are incidental to receiving this "free transportation" is **not** compensable. Nevertheless, to the extent the Local 1298 CBA does not expressly address tasks that were alleged performed prior to receiving free transportation, the Court would still be required to interpret the Local 1298 CBA as it relates to travel time. The fact that Diaz questions the scope of this provision further demonstrates that his claims require substantial interpretation of the Local 1298 CBA.

## POINT II

## PLAINTIFFS' CLAIMS ARE PREEMPTED UNDER THE *GARMON* DOCTRINE

Plaintiffs improperly attempt to unilaterally change terms and conditions of their respective CBAs and the longstanding practices emanating therefrom. The *Garmon* doctrine is intended to prevent a litigant from altering employment conditions without bargaining in good faith pursuant

to the NLRA. To avoid their bargaining responsibilities under the NLRA, Plaintiffs advance their own interpretation of the *Garmon* doctrine. Plaintiffs incorrectly contend that the *Garmon* doctrine does not apply because Plaintiffs' claims do not regulate conduct protected by the NLRA. That could not be further from the truth, as Plaintiffs are seeking compensation for alleged tasks they performed prior to their shift (including free transportation to the job site). As discussed herein, the Local 731 CBA and Local 1298 CBA provide that Plaintiffs are **not** entitled to compensation for this alleged work. Given that Section 8(a)(5) of the NLRA imposes a duty to bargain before instituting changes to a union member's terms and conditions of employment, any unilateral changes to the wage and hour provisions of these CBAs would run afoul of the NLRA. *See San Diego Building Trades Council v. Garmon*, 339 U.S. 236 (1959) (holding the NLRA preempts state regulations on any activity "arguably protected or prohibited" by the NLRA).

## POINT III

## CRUZ'S RETALIATION CLAIM MUST BE COMPELLED TO ARBITRATION

The Local 731 CBA "clearly and unmistakably" waives Cruz's right to pursue his retaliation claims in Court. Again, Cruz's retaliation claims would be subject to the Local 731 CBA's arbitration provision because it states, in pertinent part, that "[Network] and any of the workers covered by this [CBA] as to . . . any dispute that may rise in connection therewith" shall be subject to the CBA's grievance and arbitration provision. Contrary to Cruz's contentions, this language mandates arbitration because "an operative contract need not specifically identify the statutes at issue to waive the right to a judicial forum." *See Collazos v. Garda CL Atlantic, Inc.*, 666 F.Supp.3d 249, 265 (E.D.N.Y. 2023). Here, Article I, Section 2(1) of the Local 731 CBA states that the parties are prohibited from "discriminat[ing] in any manner, against any Laborer . . . by reason of union activity, as provided by law. . . ." *See* Grimmett Decl., Ex. C. Furthermore, Article

VII, Section 5(d) states that "[Network] shall comply with all Federal, State and local government laws. . . ." *Id.* As such, a retaliation claim under the FLSA or NYLL would constitute "a dispute that may rise in connection with" the Local 731 CBA. Accordingly, Cruz's claims must be compelled to arbitration.

**CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court issue an Order, pursuant to Fed. R. Civ. P. Rule 12(b)(1) dismissing Plaintiffs' Complaint with prejudice and granting Defendants such other further relief as the Court deems just and proper.

Dated: Woodbury, New York
March 5, 2025

KAUFMAN DOLOWICH LLP
*Attorneys for Defendants*

By: ______________________

Andrew Richards, Esq.
Edward H. Grimmett, Esq.
135 Crossway Park Drive, Suite 201
Woodbury, New York 11797
(516) 681-1100
arichards@kaufmandolowich.com
egrimmett@kaufmandolowich.com